

WILMINGTON
RODNEY SQUARE

NEW YORK
ROCKEFELLER CENTER

**Adam W. Poff**
P 302.571.6642
F 302.576.3326
apoff@ycst.com

January 29, 2013

**BY CM/ECF AND HAND DELIVERY**

The Honorable Richard G. Andrews
United States District Court
for the District of Delaware
844 N. King Street
Wilmington, DE 19801

Re: Interdigital Communications Inc. et al. v. Huawei Technologies Co., Ltd. et al.  C.A. No.13-08

Dear Judge Andrews:

With all initial pleadings having now been filed, we write on behalf of defendants Huawei Technologies Co., Ltd., Futurewei Technologies, Inc. and Huawei Device USA, Inc. (collectively, "Huawei") to respectfully request that the Court conduct its Rule 16 scheduling conference in-person with all counsel present, and that the Court allot sufficient time to discuss and determine the appropriate procedures for resolving Huawei's counterclaims based on the plaintiffs' written commitments to license the patents-in-suit on fair, reasonable and non-discriminatory terms (*i.e*. FRAND terms).  In accordance with the Court's standard scheduling procedures, Huawei will submit a proposed schedule that provides for a prompt resolution of the FRAND dispute early in the case, before the parties and the Court devote significant time and resources to the infringement claims and other defenses detailed in the pleadings, all of which may be mooted by early resolution of the FRAND issue.

Your Honor will recall that this issue previously arose in a related action between the same and additional parties (1:11-cv-00654-RGA), and the Court declined to lift the mandatory stay for the purpose of resolving the FRAND dispute.  As Huawei will explain at the scheduling conference, the circumstances this time are very different for at least two reasons.  *First*, unlike the related action, this case has not been stayed, so the Court need not determine whether the lifting of a stay for a limited purpose is procedurally appropriate.  The issue here is purely one of judicial and economic efficiency.  *Second*, in the months since the Court heard Huawei's request in the related case, federal regulators and courts increasingly have recognized that injunctive relief or exclusionary relief in the International Trade Commission (ITC) should be imposed only after litigation to set a FRAND rate is complete (and the potential licensee refuses to pay the set

Young Conaway Stargatt & Taylor, LLP
The Honorable Richard G. Andrews
January 29, 2013
Page 2

rate), or there has been an offer by the patent holder to arbitrate FRAND terms and the offer to arbitrate has been refused.

For example, the United States Department of Justice (DOJ) and the United States Patent and Trademark Office (USPTO) have announced in a recent policy statement that an ITC exclusion order should not issue until any litigation to set a FRAND rate is complete and the putative licensee refuses to pay the set rate. *See* DOJ & USPTO, Policy Stmt. on Remedies for Standards-Essential Patents Subject to Voluntary F/RAND Commitments, at 7 (Jan. 8, 2013) (available at www.justice.gov/atr/public/guidelines/290994.pdf) ("An exclusion order may still be an appropriate remedy . . . [f]or example, if a putative licensee refuses to pay what has been determined to be a F/RAND royalty or refuses to engage in a negotiation to determine F/RAND terms.").

Similarly, the Federal Trade Commission (FTC) recently concluded its investigation of Google/Motorola finding that it is anticompetitive for a patent holder to seek injunctive relief against a willing licensee using patents subject to FRAND commitments, as InterDigital does here and in the ITC investigations. *See In the Matter of Motorola Mobility LLC and Google Inc.*, FTC File No. 121- 0120, Analysis of Proposed Consent Order to Aid Public Comment (available at ftc.gov/os/caselist/1210120/130103googlemotorolaanalysis.pdf) . In particular, the proposed FTC Consent Order in that matter prohibits Google/Motorola from seeking injunctions on any patent it has committed to license on FRAND terms except where an offer to arbitrate FRAND license terms has been refused, or where litigation to determine a FRAND terms has concluded and a license on such terms has been rejected. *See Id*. at 6 ("Under this Order, before seeking an injunction on FRAND-encumbered SEPs, Google must: (1) provide a potential licensee with a written offer containing all of the material license terms necessary to license its SEPs, and (2) provide a potential licensee with an offer of binding arbitration to determine the terms of a license that are not agreed upon.  Furthermore, if a potential licensee seeks judicial relief for a FRAND determination, Google must not seek an injunction during the pendency of the proceeding, including appeals.").

Federal district courts have reached similar conclusions concerning injunctive relief for FRAND-encumbered patents, eschewing injunctive relief pending a judicial determination of FRAND terms. *See Microsoft Corp. v. Motorola, Inc.*, 854 F. Supp. 2d 993, 1002-03 (W.D. Wash. 2012)  ("to move the adjudication process forward with respect to the RAND-based issues in this case, the court intends to schedule a mini-trial on any unresolved RAND-based issues"); *Microsoft Corp. v. Motorola, Inc.*, No. C10-1823JLR, 2012 U.S. Dist. LEXIS 170587 (W.D. Wash. Nov. 30, 2012) (injunctive relief is inappropriate, including in Germany, given pending adjudication of FRAND terms); *Microsoft Corp. v. Motorola, Inc.*, 696 F.3d 872, 884 (9th Cir. 2012) (affirming district court injunction against effort in Germany to enjoin use of patents, pending determination of FRAND terms by district court:  "Implicit in such a sweeping promise [to license on FRAND terms] is, at least arguably, a guarantee that the patentholder will not take steps to keep would-be users from using the patented material, such as seeking an injunction, but will instead proffer licenses consistent with the commitment made."); *Apple, Inc. v. Motorola, Inc.*, 869 F. Supp. 2d 901 (N.D. Ill. 2012) ("I don't see how, given FRAND, I would be justified

Young Conaway Stargatt & Taylor, LLP
The Honorable Richard G. Andrews
January 29, 2013
Page 3

in enjoining Apple from infringing the '898 unless Apple refuses to pay a royalty that meets the FRAND requirement.").

In parallel with the earlier related case, as the Court may recall, and in parallel with this case, InterDigital initiated ITC investigations seeking exclusionary orders against importation of Huawei's based on alleged infringement of declared-essential patents. As the regulators and courts have recognized, however, exclusionary or injunctive relief like that sought in the ITC proceedings should follow only after adjudicated or arbitrated FRAND terms are set, and refused. Such a procedure here would radically save judicial and administrative and party resources because, if the Court first sets FRAND terms, they can be accepted and paid and a license will be confirmed as to the various asserted patents. With a license in place, then both of the ITC proceedings will be resolved, as will both of the patent infringement cases before this Court.

Huawei therefore believes that the Court will benefit from in-person presentations from all counsel on the appropriate timing of the FRAND dispute, and respectfully requests that the Court schedule the Rule 16 conference to accommodate such presentations.

Should Your Honor have any questions about the foregoing, counsel for Huawei are available at the Court's convenience.

Respectfully submitted,

*/s/ Adam W. Poff*

Adam W. Poff (No. 3990)

AWP:EMH

cc:   Clerk of the Court
      Counsel of Record