# PROCTOR HEYMAN LLP

ATTORNEYS AT LAW

300 DELAWARE AVENUE • SUITE 200 • WILMINGTON, DELAWARE 19801
TEL: 302.472.7300 • FAX: 302.472.7320 • WWW.PROCTORHEYMAN.COM

January 30, 2013

**BY CM/ECF AND HAND DELIVERY**

The Honorable Richard G. Andrews
United States District Court
for the District of Delaware
844 N. King Street
Wilmington, DE 19801

    Re:    *InterDigital Communications, Inc. et al. v. Huawei Technologies Co. Ltd. et al.*,
            C.A. No. 1:13-cv-00008-UNA

Dear Judge Andrews:

    We write on behalf of plaintiffs InterDigital Communications, Inc., InterDigital Technology Corporation, IPR Licensing, Inc., and InterDigital Holdings, Inc. (collectively, "InterDigital") in response to the letter submitted by the Huawei defendants on January 29, 2013.

    Huawei's letter motion[1] is ostensibly to request the scheduling of an in-person Rule 16 status conference. The practice of writing the Court to request the scheduling of a Rule 16 conference is of dubious legitimacy. This is particularly true where there is no motion to expedite pending and where none is warranted. The letter motion also includes lengthy legal argument about the purported merits of Huawei's counterclaims that are only tangentially related (if at all) to the in-person status conference request. Putting aside whether it is appropriate to present such arguments in this form, Huawei's motion also omits significant facts that affect the scheduling and case management of this action that should be taken into account before a Rule 16 conference occurs.

    First, Huawei asserts that "all initial pleadings [have] now been filed," implying that the pleadings are closed. In fact, Huawei filed its answer and counterclaims just last week, and InterDigital has not yet filed a responsive pleading. As further set forth below, Huawei's counterclaims suffer from legal defects that will likely necessitate a motion in response, which will need to be resolved before the pleadings are closed. Huawei also ignores that there are three

---

[1] Submission of a letter motion is in conflict with Your Honor's requirement that all applications to the Court must be made in the form of a formal motion. *See* ¶ 12 of the form Patent Scheduling Order. Although no scheduling order is yet in place, the Court's practice is well known to the parties.



The Honorable Richard G. Andrews
January 30, 2013
Page 2

other associated cases pending before Your Honor that were filed at the same time as this one. These three cases (against defendants Nokia, ZTE, and Samsung) should be coordinated with this one. However, ZTE has not yet responded to the complaint (its answer is due tomorrow), and Nokia and Samsung each requested and obtained sixty-day extensions of the time to respond. In addition, while Huawei has stated that it will not invoke the mandatory stay provision of 19 U.S.C. § 1659 in this case,[2] it is as yet unknown whether the other defendants will do so (the deadline for requesting the mandatory stay is likely to fall in early March 2013). All of these factors affect the scheduling of this case and the associated cases, and the Rule 16 conference should be set after there is additional clarity on these issues.

Second, although Huawei acknowledges that this Court previously declined to lift the stay in a previous related action (1:11-cv-00654-RGA) to allow it to assert counterclaims, Huawei argues that there have been recent changes in the law that should favorably affect the consideration of its counterclaims in this case (which in many ways are simply an effort to re-assert the previous counterclaims). Huawei's analysis is incorrect. If anything, recent decisions have confirmed the legal insufficiency of the sort of counterclaims Huawei raises here.

Huawei recites positions taken by federal agencies on the circumstances in which exclusion orders should be issued by the International Trade Commission, but does so in a highly selective manner. For example, the Department of Justice and U.S. Patent and Trademark Office statement affirms that in their view, the ITC *should* issue exclusion orders with respect to alleged standards-essential patents in appropriate circumstances:

> [I]f a putative licensee refuses to pay what has been determined to be a F/RAND royalty, or refuses to engage in a negotiation to determine F/RAND terms, **an exclusion order could be appropriate**. Such a refusal could take the form of a constructive refusal to negotiate, such as by insisting on terms clearly outside the bounds of what could reasonably be considered to be F/RAND terms in an attempt to evade the putative licensee's obligation to fairly compensate the patent holder. An exclusion order also could be appropriate if a putative licensee is not subject to the jurisdiction of a court that could award damages. **This list is not an exhaustive one.**[3]

---

[2] *See* January 28, 2013 letter from Huawei to Hon. Lisa R. Barton, Acting Secretary of the International Trade Commission. (Attached as Exhibit A).
[3] United States Department of Justice and United States Patent & Trademark Office Policy Statement on Remedies For Standards-Essential Patents Subject to Voluntary F/Rand Commitments, at 7 (Jan. 8, 2013) (emphasis added). See www.justice.gov/atr/public/guidelines/290994.pdf at 7.



The Honorable Richard G. Andrews
January 30, 2013
Page 3

As was the case on the motion to lift the stay brought by Huawei in the previous related action, there is a parallel ITC complaint here, and the ITC can and will consider any FRAND defenses raised by Huawei in the context of that investigation.

Huawei's suggestion that its counterclaims in this action should be given priority is further undermined by the fact that the counterclaims are of questionable legal viability. In its recitation of recent case law, Huawei's letter motion conspicuously failed to cite a district court decision that dismissed similar claims seeking a "FRAND royalty". *See Apple, Inc. v. Motorola Mobility, Inc.*, 2012 WL 5943791 (W.D. Wis. Nov. 28, 2012) (dismissing Apple's lawsuit seeking to enforce an alleged contractual right to a "FRAND license"). The issues raised in the *Apple* case (as well the propriety of Huawei's effort to avoid the stay in the previous case by reasserting what are essentially the same counterclaims in this case), will need to be considered in deciding whether Huawei's counterclaims can go forward, and if so, on what schedule.

For the foregoing reasons, InterDigital respectfully requests that the Court schedule the Rule 16 conference in accordance with its ordinary procedures, including coordination with the three associated cases (Nos. 13-cv-09-RGA, 13-cv-10-RGA, and 13-cv-11-RGA) as appropriate.

    Respectfully,

    /s/ *Neal C. Belgam*

    Neal C. Belgam (# 2721)

cc: All Counsel of Record (via e-filing)