IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

INTERDIGITAL COMMUNICATIONS,     :
INC., a Delaware corporation,     :
INTERDIGITAL TECHNOLOGY     :
CORPORATION, a Delaware corporation,     :
IPR LICENSING, INC., a Delaware     :
corporation, and INTERDIGITAL     :
HOLDINGS, INC., a Delaware corporation,     :
    :
    Plaintiffs,     :
    :     C.A. No. 1:13-cv-00008-RGA
    v.     :
    :
HUAWEI TECHNOLOGIES CO., LTD., a     :     **JURY TRIAL DEMANDED**
Chinese corporation, FUTUREWEI     :
TECHNOLOGIES, INC. D/B/A HUAWEI     :
TECHNOLOGIES (USA), a Texas     :
corporation, and HUAWEI DEVICE USA,     :
INC., a Texas corporation,     :
    :
    Defendants.     :

## REPLY IN SUPPPORT OF MOTION
## FOR EXTENSION TO RESPOND TO COUNTERCLAIMS

Plaintiffs InterDigital Communications, Inc., InterDigital Technology Corporation, IPR

Licensing, Inc., and InterDigital Holdings, Inc. (collectively, "InterDigital") have asked for and

been denied the courtesy of an extension of 30 and 23 days to respond to the counterclaims

asserted by the Huawei and ZTE defendants, in a matter in which two other defendants have

asked for and received 60 day extensions to respond to the Complaint.  Huawei and ZTE have

refused the extension in order to create an opportunity to appear before the Court to seek

reconsideration of the Court's denial of their letter requesting a Rule 16 conference before the

pleadings are closed and to preview their motion to expedite their FRAND counterclaims.

InterDigital has valid bases for requesting the extension and it will not affect the reasonable progress of this case. Accordingly, InterDigital respectfully requests that its motion be granted either on the written submissions or following the argument tentatively scheduled by the Court for March 1, 2013.

## ARGUMENT

I.      The Extension Will Not Delay This Case.

1.      If the Court grants the motion, InterDigital will file its motion respecting the counterclaims on March 20, 2013, and under Local Rule 7.1.2(b), briefing will be concluded by April 18, 2013. Defendant Samsung's response to the Complaint is not due until April 24, 2013. Nokia's response is due March 26, 2013.

2.      Defendants have until on or around March 6, 2013 to trigger the automatic stay of this action under 28 U.S.C. § 1659 as they did in the previous case filed in July 2011. (*See* C.A. No. 1:11-cv-00654 (RGA)). Before this date, neither InterDigital nor the Court will be certain as to whether all of the Defendants intend to go forward in this jurisdiction.

3.      On February 11, 2013, ZTE and Huawei moved for expedited proceedings in this case. This motion is made nearly six weeks after the filing of this case. The motions ask the Court to expedite ZTE's and Huawei's counterclaims asking this Court to set a FRAND royalty rate. However, although the issue is finessed in their briefing, these defendants <u>do not</u> unconditionally agree to pay a FRAND rate set by this Court. Instead, their position to date suggests they reserve the right to decline to pay a FRAND rate <u>in any number of circumstances, including if</u> they subsequently prevail on other issues – e.g.: nonessentiality, invalidity and non-infringement. It is the same issue that was before the Court previously,when after full briefing and a detour into the Court of Chancery, the Court refused this approach in the previous cases.

And, as InterDigital will show in its opposition to the motions to expedite, the law has not changed on the issues presented in this case; if anything, there is even clearer law now demonstrating that the type of action Huawei and ZTE seek to pursue is not legally cognizable.

4.      Importantly on the narrow issue presented by this motion, granting the requested extension will not prejudice the presentation of ZTE's and Huawei's motions to expedite. Briefing on the motions to expedite will not be completed until March 11, 2013, roughly a week and a half before the March 20, 2013 response date sought by InterDigital.  ZTE's and Huawei's hyperbolic claims of a pattern of delay are hardly warranted by such a minor requested extension.

II.      The Requested Extension is Warranted.

5.      ZTE and Huawei argue that since they have made duplicative claims in a previous case, InterDigital must be seeking "delay" and cannot reasonably contend that an extension is required to respond to the Complaint.  In the same breath, ZTE and Huawei argue (inaccurately) that the state of the law on FRAND licensing has changed in a manner favorable to their positions.  A period of approximately a month and a half is not unreasonable to research and draft briefing involving numerous counterclaims.  This is particularly true when, as here, these same parties and counsel are involved in a two week ITC trial that commenced on February 12, 2013, and in which 600-page post-trial briefs are due on March 8.

III.     <u>Conclusion</u>.

For the foregoing reasons, InterDigital respectfully requests that the Court grant its

motion for extension.

PROCTOR HEYMAN LLP

<u>*/s/ Neal C. Belgam*</u>
Neal C. Belgam (# 2721)
E-mail: nbelgam@proctorheyman.com
Melissa N. Donimirski (# 4701)
E-mail: mdonimirski@proctorheyman.com
300 Delaware Avenue, Suite 200
Wilmington, DE  19801
(302) 472-7300

Counsel for Plaintiffs InterDigital Communications,
Inc., InterDigital Technology Corporation, IPR
Licensing, Inc., and InterDigital Holdings, Inc.

Dated:  February 20, 2013


OF COUNSEL:

LATHAM & WATKINS LLP
Ron E. Shulman
E-mail: Ron.Shulman@lw.com
Michael A. Ladra
E-mail: Mike.Ladra@lw.com
140 Scott Drive
Menlo Park, CA 94025
(650) 328-4600

LATHAM & WATKINS LLP
Maximilian A. Grant
E-mail: Max.Grant@lw.com
Bert C. Reiser
E-mail: Bert.Reiser@lw.com
555 Eleventh Street, N.W., Ste. 1000
Washington, DC  20004
(202) 637-2200

4

WILSON SONSINI
GOODRICH & ROSATI
David S. Steuer
E-mail: dsteuer@wsgr.com
Michael B. Levin
E-mail: mlevin@wsgr.com
Maura L. Rees
E-mail: mrees@wsgr.com
650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300